Mr. Justice Huger
delivered the opinion of the court.
The plaintiffs, in their letter of the 9th, only suggested that the disbursements of the Mary would, perhaps, amount to $ 700. They were not known, and could not indeed have been ascertained at the time ; for they were not complete. The defendant, in his letter of the 17th, refers to no particular sum, but merely directs that a draft of the captain should be accepted for the disbursements. The plaintiffs state that the captain will want money for the disbursements, and propose that they should be permitted to draw on some friend in Charleston for the advances to the captain for disbursements. The defendant replies that the captain himself must draw, not the plaintiffs, thereby constituting the captain his special agent for the purpose. This shews that the owner reposed confidence in the captain, and trusted to him, not to tbe plaintiffs for the propriety of the disbursements : and this is in *319 answer to a letter, in which the plaintiffs write, that they presume the captain will practise economy ; shewing that they regarded him responsible for the economy used. It is not pretended that the plaintiffs acted fraudulently ; but it is contended that they are responsible for the supposed imprudencies of the captain. The jury thought the trust had been reposed by the defendant, not the plaintiffs, and therefore gave them a verdict. I entertained the same opinion at the trial, and nosv see no reason for changing it. On the first ground, therefore, the motion must fail.
That an owner is generally only responsible for necessaries, is not denied. In the case of Carey vs. White, (1 Bro. Par. Cases 284,) thi's doctrine was fully considered and firmly established. It has not, I believe, been seriously questioned since. But what are necessaries, the jury only can decide, as was ruled in the case just cited.— But it is contended the jui'} had not sufficient evidence before them to authorize the conclusion that the ariieh s furnished in this case were necessary. One witness declared that the articles furnished were generally necessary to vessels similarly situated. The captain who was the confidential servant of the owner, and the best judge of what was necessary, certifies, under his hand, this account.— Another witness proves that large sums were paid and advanced to the seamen. A large item in the account is for the duty; another is the carpt uler’s bill, &x. ike. This was evidence enough to goto the jury; and I have seldom seen a jury better qualified to decide such a question, than the one to which it was submitted. They were generally merchants.
But it is contended that it was not only incumbent on the plaintiffs to shew the necessity to borrow the money, but to prove the actual application of it. The account states the particular disbursements with the exception of about § 800, advanced to the captain at different times.— Out of this sum he must have paid the crew discharged as well as the advances to the crew shipped; and there are several articles essential to the voyage not specifically *320 charged, and which must have been paid out of the money advanced to the captain. This was enough to authorise the jury to find as they did, independent of the special au - thority given in the. defendant’s letter of the 19th June.— In the case of Palmer vs. Gooch,---relied upon by the appellant, the captain had been'engaged in some speculation on his own account; for which advances were made by Palmer to more than £ 20,000.— £ 1,700 were charged to the ship ; bnt it appeared that the disbursements of the ship amounted to but £ 2,894, and the captain had funds belonging to the owner to about £ 9,559 7s. and 3d. And it was not even contended that more than £953 8s. of the £ 1,700, had been applied to the disbursements of the ship. And of this there was no other evidence than that of the purser, who merely stated that so much had been expended on the ship. This was no advance on account of the owner, nor was the bare declaration of the purser without an account stated, or a particular charge mentioned, sufficient evidence of the appropriation. The words of lord C. J. Abbott, are explained by the case he decided, and when thus explained, afford no ground for this motion.
On all the grounds, the appellant must fail.
Justices -Colcock, Gantt, and Johnson, concurred.